**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 18-4161**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS JONATHAN TODD,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:17-cr-00024-LO-1)

───────────────

Submitted: July 12, 2022                    Decided: August 9, 2022

───────────────

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Steven P. Hanna, Richmond, Virginia; Mark Diamond, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Jonathan Todd was found guilty of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (Count One); attempt to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (Count Two); use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); attempt to possess marijuana with intent to distribute (Count Four); use of a firearm during a drug trafficking crime, in violation of § 924(c) (Count Five); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Six); possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Seven); and possession of a stolen firearm (Count Eight).  On appeal, he challenges his convictions and sentence on numerous grounds.  We vacate Todd's conviction on Count Three, affirm the remaining convictions, and remand for resentencing.

I.

Todd first argues that his § 924(c) conviction for use of a firearm during a crime of violence (Count Three) must be vacated because the predicate offenses, conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery, do not qualify as crimes of violence.[1]  "To sustain a conviction under 18 U.S.C. § 924(c), the government must prove that the defendant (1) used or carried a firearm and (2) did so during and in relation to a crime of violence."  *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015) (internal

---

[1] Todd preserved this claim below, moving to dismiss Count 3 of the indictment because neither predicate offense was a crime of violence.

2

quotation marks omitted).  Under the force clause in Section 924(c)(3)(A) , a "crime of violence" is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[2] 18 U.S.C. § 924(c)(3)(A).

We have held that conspiracy to commit Hobbs Act robbery is not a crime of violence under the force clause of § 924(c)(3)(A).  *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc).  Further, the Supreme Court has recently held that attempted Hobbs Act robbery is also not a crime of violence under the force clause.  *United States v. Taylor,* 142 S. Ct. 2015 (2022).  Accordingly, we vacate Todd's § 924(c) conviction for use and brandishing of a firearm during a crime of violence (Count 3) and remand for resentencing.  *See United States v. Ventura*, 864 F.3d 301 (4th Cir. 2017) (adopting sentencing package doctrine).

## II.

Todd filed motions to suppress various of his statements, and on appeal, he asserts that the district court erred by denying his motions.  In reviewing motions to suppress statements, we review the district court's factual findings for clear error and its legal determinations de novo, while viewing the evidence in the light most favorable to the Government.  *United States v. Dire*, 680 F.3d 446, 473 (4th Cir. 2012).

---

[2] In *United States v. Davis*, the Supreme Court held that the residual clause in § 924(c)(3)(B) was unconstitutionally vague.  139 S. Ct. 2319, 2323-24 (2019).

a. Todd's statements immediately after arrest.

In the district court, Todd sought to suppress seemingly spontaneous statements that he made to an officer in the minutes after his arrest. In the Government's response to this part of Todd's motion, the Government explained that it did not intend to introduce those statements at trial, and at the suppression hearing, Todd stated that, due to the Government's representation, he was not proceeding on the issue. Todd does not allege that the Government violated this promise, and the record shows that the statements were not admitted. Accordingly, Todd's argument regarding these statements fails.

b. Videotaped June 24 custodial interrogation.

Shortly after his arrest, Todd was transported to the police station where officers interviewed him. After receiving *Miranda*[3] warnings, Todd made statements. On appeal, Todd contends that the officers lied to him by stating that they did not know whether or not he would be charged and misled him by telling him that he was required to talk to them.

The record shows that Todd was clearly informed that he did not have to speak with the officers. He was given the proper warnings, and he expressed his desire to talk to the officers. Moreover, the officers informed Todd of the charges that they were investigating and did not impermissibly mislead him. *See United States v. Clenney*, 631 F.3d 658, 668 (4th Cir. 2011) (holding that *Miranda* does not require that the police inform the suspect of the charges against him); *see also Bobby v. Dixon*, 565 U.S. 23, 28 (2011) ("[T]he Court has refused to find that a defendant who confesses voluntarily, after being falsely told that

---

[3]*Miranda v. Arizona,* 384 U.S. 436 (1966).

4

his codefendant has turned State's evidence, does so involuntarily."); *Colorado v. Spring*, 479 U.S. 564, 573-74 (1987) (failure of police to supply suspect with nature or scope of investigation does not render waiver involuntary). We therefore concluded that the district court properly declined to suppress these statements.

    c. Custodial, audiotaped interrogation on June 24.

After Todd's initial interview, he was transported to a detention center and was then brought before a magistrate judge. Once Todd was processed, he requested to speak with one of the officers again. The discussion was audio recorded, and Todd made a lengthy, unprompted statement about a stolen firearm. The officer then began asking questions, and Todd responded.

On appeal, Todd contends that, because he had been brought before a magistrate judge, he was entitled to have counsel present prior to any questioning. The Sixth Amendment right to counsel attaches at the commencement of formal legal proceedings against a suspect. *See Michigan v. Jackson*, 475 U.S. 625, 629 (1986). The Sixth Amendment, therefore, prohibits police-initiated interrogation of an accused without the presence of his attorney once he has asserted such. *Id.* at 629-30. The same "voluntary, knowing, and intelligent" waiver standards applies to Sixth Amendment rights as well, and a waiver of Fifth Amendment rights under *Miranda* also waives the Sixth Amendment right to counsel. *Montejo v. Louisiana*, 556 U.S. 778, 786-87 (2009) (citing *Patterson v. Illinois*, 487 U.S. 285 (1988)). Moreover, "[p]olice are not required to rewarn suspects from time to time." *Berghuis v. Thompkins*, 560 U.S. 370, 386 (2010).

Here, only a few hours had passed since Todd was read and waived his rights. Todd does not aver that he ever asserted his right to an attorney during questioning, and the record does not support such a finding. In fact, the record shows that Todd initiated the challenged questioning. We conclude that the totality of the circumstances had not changed so seriously from when the prior warnings were given that the waiver was no longer knowing and intelligent. *See Wyrick v. Fields*, 459 U.S. 42, 47 (1982). Accordingly, the district court correctly denied the motion to suppress.

d. June 28 custodial interrogation.

After police searched Todd's car, they found marijuana, cocaine, over 800 rounds of ammunition, a pipe with grains of gunpowder on the cap threads, a bag of gunpowder, and an ignition mechanism. This evidence inevitably led to an arrest warrant for new charges, and Todd—who had been released on bail—was rearrested several days later.

Todd contends that the officer rearrested him for the purpose of conducting another interview without counsel. Todd does not specify whether the interview violated his Fifth or Sixth Amendment right to counsel. However, in any event, he voluntarily and knowingly waived his rights, including his right to have counsel present, and he does not allege that he ever requested counsel for purposes of interrogation. Accordingly, these statements were also properly admitted.

e. July 14 custodial interrogation.

On July 14, 2016, Todd was interviewed again. Todd executed a signed *Miranda* waiver. On appeal, Todd asserts that his rights were violated because he had been appointed an attorney, and counsel did not give permission or authorization for an

6

interview. However, there is no evidence that Todd ever asserted his right to counsel in the interrogation setting, and he again waived his rights prior to the interview. *See Montejo,* 556 U.S. at 786 (holding that the decision to waive counsel in interrogation setting need not be counseled). Accordingly, we conclude that this claim is without merit.

### III.

Todd next contends on appeal that the district court erred in denying his motion to suppress evidence of cell tower data regarding his cell phone. Specifically, he asserts the police obtained the information pursuant to an authorization order under the Stored Communication Act ("SCA") and not a warrant supported by probable cause, in violation of *Carpenter v. United States*, 138 S. Ct. 2206, 2217 & n.3, 2221 (2018) (holding that accessing seven days of historical cell information pursuant to order issued under SCA constitutes a search under Fourth Amendment and that Government must generally obtain a warrant supported by probable cause before acquiring records). The authorization order and acquisition of records in this case took place before the Supreme Court issued its decision in *Carpenter*.

Prior to *Carpenter*, we held that the Government does not violate the Fourth Amendment when it obtains historical information from a cellular service provider without a warrant. *United States v. Graham*, 824 F.3d 421, 424-25 (4th Cir. 2016) (en banc). Moreover, in *United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018), we held, post-*Carpenter*, that cellular site tracking data associated with appellant's cellular phone number obtained through a court order issued pre-*Carpenter* under both the SCA and related provisions of Virginia state law was properly admitted under the good-faith

7

exception to the exclusionary rule because, at the time investigators obtained the data, they had a reasonable, good-faith belief that acquiring such data was lawful.

The same result is required here. *See id.* ("While *Carpenter* is obviously controlling going forward, it can have no effect on [this] case.") "The exclusionary rule's sole purpose . . . is to deter future Fourth Amendment violations." *Id.* (internal quotation marks omitted). Accordingly, "when investigators act with an objectively reasonable good-faith belief that their conduct is lawful, the exclusionary rule will not apply." *Id.* (internal quotation marks omitted). "Objectively reasonable good faith includes 'searches conducted in reasonable reliance on subsequently invalidated statutes.'" *Id.* (citations omitted). Like the appellant in *Chavez,* the officers here reasonably relied on the SCA and the authorization order to obtain the data. In light of *Chavez*, then, the good-faith exception to the exclusionary rule applies, and Todd's claim for suppression fails. We therefore affirm the district court's denial of the motion to suppress on this basis.

## IV.

Todd argues that the district court abused its discretion in not permitting him to use Fed. R. Evid. 106 to introduce out-of-court statements that he made during interrogation. Rule 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." A district court's ruling under Rule 106 is reviewed for abuse of discretion. *United States v. Hassan*, 742 F.3d 104, 135 (4th Cir. 2014).

8

Rule 106 is not a device for a party to evade testifying and facing cross-examination. "Nor does [Rule 106] require the admission of 'self-serving, exculpatory statements made by a party which are being sought for admission by that same party.'" *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008). "The fact that some of the omitted testimony arguably was exculpatory does not, without more, make it admissible under the rule of completeness." *Id.* (quoting *United States v. Bollin*, 264 F.3d 391, 414 (4th Cir. 2001)).

On appeal, Todd does not provide any specific argument about which conversations should have been included or why the Rule required admission of those conversations. Moreover, even in district court, Todd did not provide any argument as to *how* any of the excerpted portions were misleading or out of context. Because the statements Todd sought to admit in district court were hearsay, self-serving, and not needed for context,[4] the district court did not abuse its discretion in denying Todd's attempt to admit this evidence.

## V.

Next, Todd challenges the sufficiency of the evidence of all of his convictions except the § 922(g) convictions (possession of a firearm and ammunition by a convicted felon and possession of a stolen firearm). He does not examine the elements of each offense or state which elements were not met by the Government. Instead, he generally contends that his defense that he was the actual victim of a robbery plot was supported by

---

[4] In addition, Todd's conclusory arguments in district court and on appeal limit our ability to review his claims, as it is unclear on what basis Todd sought admission or on what grounds Todd disagreed with the district court's conclusions.

the evidence and that his coconspirator's testimony was too inconsistent to support his convictions.

We have "defined substantial evidence as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Alerre*, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation omitted). We must consider circumstantial as well as direct evidence and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established in determining whether any rational trier of the facts could have found the defendant guilty beyond a reasonable doubt. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). If evidence supports different, reasonable interpretations, the jury decides which interpretation to believe. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence to support his conviction bears "a heavy burden," *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995), and reversal for insufficient evidence is "reserved for the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

Todd's arguments that the evidence could have also supported his defense and that his coconspirator's testimony was inconsistent are not adequate to overturn Todd's convictions. We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in testimony in favor of the Government. *United States v. Taylor*, 659 F.3d 339, 342-43 (4th Cir. 2011). Todd's counsel made these arguments at trial, and the jury rejected them. The determination of a witness's credibility and the

10

decision on the contradiction between the Government's and Todd's theories of the case were matters for the jury to resolve. Thus, this claim fails.

VI.

Todd contends that his § 922(g) convictions for possession of a firearm and ammunition by a convicted felon were invalid because the Government did not allege in the indictment or prove that he knew he was a felon at the time he committed the crimes. In *Rehaif v United States,* 139 S. Ct. 2191, 2200 (2019), the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Because the defendant had been convicted of violating § 922(g) by a jury instructed that the Government was not required to prove his knowledge of his disqualifying status (i.e., his unlawful presence in the United States), the Supreme Court reversed the court of appeals' judgment affirming the conviction and remanded for further proceedings. *Id.* at 2194, 2200.

Here, the parties do not dispute, and the record confirms, that the district court did not instruct the jury on the knowledge-of-status element but that Todd raised no objection to the court's instructions on that basis. Thus, Todd can obtain relief only by satisfying the plain error standard. *See United States v. Greer*, 141 S. Ct. 2090, 2096 (2021). To establish plain error, Todd must first demonstrate the threshold requirements of (1) an error (2) that is plain and (3) that "affected [his] substantial rights," which generally requires "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018)

11

(internal quotation marks omitted).   Although *Rehaif* error is plain in this case, *see*

*Henderson v. United States*, 568 U.S. 266, 269 (2013) (holding that error is "plain" if clear

or obvious at time of appellate consideration), Todd cannot demonstrate that the error

affected his substantial rights.

Todd stipulated at trial that he was a felon, and nothing in the record suggests that

Todd did not understand that he was a felon at the time he committed the offense.

Moreover, Todd has not attempted to satisfy the "difficult" burden of establishing a

reasonable probability that he would have been acquitted had the court properly instructed

the jury on the mens rea element.   Accordingly, Todd has failed to show plain error under

*Rehaif.*

We therefore vacate Todd's conviction on Count 3, affirm his remaining

convictions, and remanding for resentencing.[5]   We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before the court

and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART*
*AND REMANDED*

---

[5] Todd also challenges on appeal the district court's limitation on his allocution. Because we vacate Todd's § 924(c) conviction and remand to the district court for a full resentencing hearing, in which "the judge should be free to review the efficacy of what remains in light of the original [sentencing] plan," *Ventura*, 864 F.3d at 309, we do not address Todd's sentencing argument on appeal.